IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Case No.: |
| Petitioner, | ) ) ) |
| v. | ) ) |
| ALBUQUERQUE COUNTRY CLUB, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

This case is before the Court on the application of the Equal Employment Opportunity Commission (the "EEOC" or "Commission") for an order to show cause why an administrative subpoena should not be enforced. The EEOC is currently investigating charges of sex discrimination and/or retaliation filed against Albuquerque Country Club ("ACC" or "Respondent"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").  In the course of its investigation, the EEOC issued a subpoena, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9), seeking documents relating to that investigation.  Respondent to date has not produced the requested documents, and that failure has delayed and hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an Order to Show Cause why the subpoena should not be enforced.

**I.      FACTUAL BACKGROUND**

On October 27, 2011, Charging Party Christina Martinez dual-filed a charge of

-1-

discrimination with the New Mexico Department of Workforce Solutions and the EEOC alleging that Petitioner, Albuquerque Country Club, discriminated against her on the basis of sex and in retaliation for her reporting sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.  (Exhibit A, Declaration of Rayford O. Irvin, District Director ("Dir. Decl.") at ¶ 4(a) & Attachment 1 thereto.)  The EEOC sent notice of this charge to Respondent on or about November 1, 2011. (Dir. Decl. ¶ 4(b), Attachment 2). Charging Party, who was employed as a Banquets Manager since 2010, alleged that the General Manager, Patrick Elwell, approached her about having a romantic relationship with her, but when she rebuffed his advances he retaliated against her by treating her in a hostile manner and demeaning her on a regular basis.  (Dir. Decl. ¶ 4(a), Attachment 1.)  She alleged that Mr. Elwell continued to treat her this way and that he berated her, yelled at her in front of employees, and found ways to undermine her in front of her staff so they did not want to follow her direction. *Id*. Charging Party alleged that Mr. Elwell similarly demeaned and mistreated other female employees. *Id*.  On June 6, 2011, Mr. Elwell demoted Charging Party from a salaried employee to an hourly employee, despite the fact that she kept her same duties. *Id*.  On July 25, 2011, Charging Party notified Petitioner's Board of Directors of Mr. Elwell's harassment and retaliation. *Id*.  After Charging Party made this complaint, Petitioner launched an investigation. But Charging Party alleges that Respondent's investigation into her complaint was not properly conducted. *Id*.  She states that Mr. Elwell knew in advance which employees were to be interviewed and that he made comments to those employees indicating that he knew. *Id*. According to Charging Party, the investigation was conducted in the office right next door to Mr. Elwell, possibly intimidating some of the employee witnesses. *Id*.  Even after the Charging

Party's formal complaint, Mr. Elwell continued to yell at and demean Charging Party and made comments in her presence suggesting that "another female employee was providing sexual services to males at the club."  *Id*.

On or about August 22, 2012, the EEOC Investigator sent Respondent a Request for Information.  (Dir. Decl. ¶ 4(c), Attachment 3.)  The EEOC requested, among other things, a complete employee list for the period of January 1, 2009 to present.  *Id*.  The EEOC also requested documents regarding any investigation that was conducted in response to Charging Party's complaint(s).  *Id*.  The EEOC also requested the personnel file of the alleged harasser.  *Id*. The EEOC sought this information because it is related to the Charging Party's allegations in the Charge of Discrimination.  Respondent's response to this Request for Information was due on September 21, 2012.  *Id*.  Respondent's response to the request was incomplete, and it refused to comply with several portions of the request, namely those requests identified above.  (Dir. Decl. ¶ 4(d), Attachment 4.)

As a result of Respondent's refusal to produce the information, the EEOC issued Subpoena No. PHX-13-42 to Respondent on July 31, 2013.  (Dir. Decl. ¶ 4(e), Attachment 5.)  The subpoena requested, among other things, investigative documents related to Charging Party's complaint of discrimination, an employee list for the period of January 1, 2009 to present, and the personnel file of the alleged harasser, Patrick Elwell.  *Id*.

On August 14, 2013, Respondent petitioned the Commission to revoke Subpoena No. PHX-13-42. (Dir. Decl. ¶ 4(f), Attachment 6.)  Respondent argued that all documents relating to the Charging Party's complaint has been produced and the employee list and personnel file are not relevant to the EEOC's investigation.  *Id*.  Respondent sought to revoke the subpoena in its

entirety. *Id*.

The Commission considered Respondent's Petition to Revoke and denied it, finding that Respondent failed to raise objections that would justify revoking the subpoena. (Dir. Decl. ¶ 4(g), Attachment 7.) The Commission also determined that the information sought was relevant to the investigation of the charge, within the EEOC's broad investigatory powers, and had not been previously produced. *Id*.

On January 10, 2014, the EEOC provided Respondent with the Commission's Determination with a response deadline of February 10, 2014. (Dir. Decl. ¶ 4(h), Attachment 8.) To date, the Respondent has not complied with the subpoena. (Dir. Decl. ¶ 5).

## II. ARGUMENT

Title VII grants the EEOC broad investigatory powers, providing that the Commission "shall ... have access to ... any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). Because Respondent has no valid defense for failing to comply with the EEOC's subpoena and has not shown any undue hardship, the Commission's subpoena should be enforced.

### A. Respondent Has No Valid Defense for Failing to Comply with the EEOC's Subpoenas.

EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. Randstad,* 685 F.3d 433, 442 (4th Cir. 2012); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *see also EEOC v.*

*Shell Oil Co.*, 466 U.S. 54, 81 (1984); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *EEOC v. Dillon Companies, Inc.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *Randstad*, 685 F.3d at 442; *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *Konica Minolta*, 639 F.3d at 368; *United Air Lines*, 287 F.3d at 649; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc).  Once this showing has been made, a court will enforce the subpoena unless the respondent can prove that the subpoena is unduly burdensome. *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *Children's Hosp. Med. Ctr.,* 719 F.2d at 1428; *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *Md. Cup Corp.*, 785 F.2d at 475-76; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).  The EEOC subpoena easily meet these criteria, and Respondent cannot show that the subpoena is unduly burdensome.

  **1.**  **The Subpoena Is Valid and Within the Agency's Authority.**

  Congress authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b). Congress has conferred on the Commission broad powers of access to records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in

an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9).  In this case, the EEOC is investigating allegations that Respondent subjected the Charging Party and a group of other aggrieved individuals to unlawful discrimination based on sex and retaliation in violation of Title VII.  The EEOC seeks documents necessary to identify potential witnesses and/or victims of Respondent's alleged unlawful employment practices.

### 2. All Procedural Prerequisites Have Been Fulfilled.

In this case, a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena). *See also EEOC v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). Respondent cannot allege that these basic requirements have not been met.

### 3. The Information Sought Is Relevant to The Commission's Investigation.

Finally, the information sought by the subpoena is relevant to the issues of discrimination on the basis of sex and/or retaliation.  The concept of relevancy during an EEOC investigation is broader than relevancy during litigation. Title VII grants the EEOC broad access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a) (incorporated by 42 U.S.C. § 12117(a)). "[C]ourts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984). *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 854 (9th Cir. 2009); *EEOC v. Randstad*, 685 F.3d 433, 448 (4th Cir. 2012); *EEOC v. Schwan's Home Serv.*, 644 F.3d

742, 747 (8th Cir. 2011). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously wrong," *Ranstad*, 685 F.3d at 448 (internal citations omitted).

It is undeniable that the requested information "might cast light on the allegations against the employer." The Charging Party alleges that Respondent subjected her and other female employees to unlawful discrimination based on sex and retaliation. In Request number 1, the EEOC seeks any investigative documents related to or created as a result of Charging Party's complaint of discrimination and retaliation. In Request number 2, the EEOC seeks an employee list to identify employees who may have suffered discrimination or retaliation or who may have information relevant to the allegations. Finally, in Request number 3, the EEOC seeks the personnel file of the alleged harasser.

These requests are tailored to elicit information about the discrimination and retaliation Charging Party alleges and to identify any other employees that may have suffered similar discrimination or who have information relevant to the allegations. Thus, the information is relevant to the investigation and the subpoena should be enforced.

### B. Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent.

It follows that the Court should enforce the subpoena unless the Respondent showed that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). Respondent has not and cannot make such a showing here. Thus, the subpoena should be enforced.

### III.     CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's investigative authority. Further, Respondent has not established nor argued that complying with the subpoenas would be unduly burdensome. The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause, and, after giving Respondent an opportunity to be heard, enforce the subpoena.

RESPECTFULLY SUBMITTED this 8th day of May, 2014.

MARY JO O'NEILL
Regional Attorney

ANDREA G. BARAN
Supervisory Trial Attorney

*/s/ Richard I. Sexton*
RICHARD I. SEXTON
Trial Attorney

Equal Employment Opportunity
Commission, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012

LORETTA MEDINA
Trial Attorney

Equal Employment Opportunity
Commission, Albuquerque Area Office
505 Marquette Avenue, NW
Suite 900 - 9th Floor
Albuquerque, NM 87102

Attorneys for Plaintiff