IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

vs.                                                      MC No. 14-26 JCH

ALBUQUERQUE COUNTRY CLUB,

                Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff EEOC's *Application for Order to Show Cause* [Doc. 1], filed May 8, 2014. In the application, the EEOC asks the Court to enforce the administrative subpoena that it issued related to a sex discrimination charge filed by Christina Martinez against Defendant Albuquerque Country Club ("ACC"). On June 19, 2014, the Court held a show cause hearing on the application at which both parties were represented by counsel. After considering the parties' briefs and exhibits, as well as the arguments of counsel, the Court concludes that the EEOC's subpoena should be enforced in part as described herein.

## LEGAL STANDARD

Title VII grants the EEOC "the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "To obtain such evidence, the EEOC may exercise all of the powers conferred upon the National Labor Relations Board by 29 U.S.C. § 161, including the authority to issue administrative subpoenas and to request judicial enforcement of those subpoenas." *E.E.O.C. v. Dillon*

*Companies, Inc.*, 310 F.3d 1271, 1274 (10th Cir. 2002) (citing 42 U.S.C. § 2000e-9). The EEOC has the burden of demonstrating the relevance of the requested information. *Id.* The Tenth Circuit explained the relevancy standard in *Dillon Companies* as follows:

> The Supreme Court has explained that the "relevancy" limitation on the EEOC's investigative authority is "not especially constraining." [*EEOC v.*] *Shell Oil* [*Co.*], 466 U.S. [54,] 68, 104 S.Ct. 1621 [(1984)]. Moreover, courts have traditionally allowed the EEOC access to any information "that might cast light on the allegations against the employer." *Id.*; *see also United States v. Arthur Young & Co.*, 465 U.S. 805, 813–14, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984) (adopting a comparably expansive definition of "relevance" in the analogous context of an IRS subpoena). Although the Supreme Court has advised that the relevance standard must not be interpreted so broadly as to render the statutory language a "nullity," *Shell Oil*, 466 U.S. at 68, 104 S.Ct. 1621, we have explained (1) that an EEOC administrative subpoena "is enforceable even though no 'probable cause' has been shown," (2) that even some requests we "previously considered to be administrative 'fishing expeditions' are often permitted," and (3) that such subpoenas "may be enforced for investigative purposes unless they are plainly incompetent or irrelevant to any lawful purpose." *EEOC v. Univ. of N.M., Albuquerque*, 504 F.2d 1296, 1303 (10th Cir. 1974); *see also EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 652–53 (7th Cir. 2002) (making similar observations).

*Dillon Companies*, 310 F.3d at 1274-75.

## **DISCUSSION**

The EEOC's subpoena requests three categories of information. The first category is any documentation regarding Ms. Martinez's complaint of harassment, including witness interview notes and the ACC's investigative activities and findings. The Court concludes that this information relates to an alleged unlawful employment practice and is relevant to the charge under investigation. This portion of the subpoena will be enforced.

The second category of requested information is a complete list of ACC employees for the period of January 1, 2009, to present. This portion of the subpoena will be enforced in part. The requested information does relate to an alleged unlawful employment practice. However, Ms.

Martinez did not begin working at the ACC until 2010. General employee lists for witnesses to her claims of discrimination would thus only be relevant during the time period of her employment. Ms. Martinez also claims that women who held her position before she did engaged in romantic relationships with Patrick Elwell, the alleged harasser, in order to avoid his hostility. Accordingly, a list of employees who held the position of Banquets Manager from January 1, 2009, until the commencement of Plaintiff's employment would be relevant to the EEOC investigation. The Court holds that this portion of the subpoena will be enforced only in part: to a list of employees of ACC during the period of Ms. Martinez's employment starting date until her termination date, and to a list of employees who held the position of Banquets Manager from January 1, 2009, until the date of Plaintiff's employment.

The third category is the personnel file for Mr. Elwell. Ms. Martinez alleged that Mr. Elwell acted inappropriately towards other women and that he had personal relationships with women who previously held her position. These allegations indicate that Mr. Elwell's personnel file could contain relevant information on complaints of his prior conduct, discipline actions against him, and any training he received regarding discriminatory practices. Because it both relates to an alleged unlawful employment practice and is relevant, this portion of the subpoena will be enforced.

**IT IS THEREFORE ORDERED** that the EEOC subpoena of materials from the Albuquerque Country Club is hereby **ENFORCED IN PART** as described herein, and the ACC is **ORDERED** to produce the materials within 14 days of entry of this Memorandum Opinion and Order.

_____
**UNITED STATES DISTRICT JUDGE**